IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCOTT A. STANLEY,

    Plaintiff,
v.                                                                                           CASE NO. 4:05CV300-MMP/AK

LARRY CAMPBELL, et al,

    Defendants.
_____/

### O R D E R

This cause is before the court upon Plaintiff's filing of a Motion for Court Order of Protection and Relocation, wherein Plaintiff complains that Deputy Phillips of the Leon County Jail attacked him. (Doc. 8). Plaintiff claims that he has been beaten three times by Leon County deputies, and that personnel at the Wakulla County Jail, where he is presently housed, cannot protect him from these persons. This motion is construed as a motion for restraining order and/or preliminary injunction. (Doc. 8).

This motion has been filed in a case alleging denial of due process, excessive force, and a number of other claims against Sheriff Larry Campbell, Carl Bennett, and Sgt. William Parramore, of the Leon County Jail, and the Mayor of Tallahassee and one unnamed Leon County Commissioner. (Doc. 1). In his complaint he complains that Defendant Parramore assaulted him, but does not name Deputy Phillips as a Defendant at all.

Rule 65(d), which governs motions for a temporary restraining order and for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and

every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."  FED. R. CIV. P. 65(d).  "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process."  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted).  This court must have jurisdiction over a party to adjudicate a claim.

The Court notes that this motion was not properly filed in this case because the person Plaintiff names in the motion is not a Defendant in this action. Therefore, the party identified in the motion would not be bound by a temporary restraining order issued by this Court.

Further, Plaintiff has yet to provide the Court with the necessary forms to assess payment of a partial filing fee.  (See Doc. 5).  Until Plaintiff submits the proper forms his complaint will not be processed or otherwise reviewed.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Court Order Protection and Relocation (doc. 8), construed as a motion for temporary restraining order and/or injunctive relief is deemed **MOOT** because it has been improperly filed in this cause.

**DONE AND ORDERED** this  **5th**  day of October, 2005.

                          **s/ A. KORNBLUM**

**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**