# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

SCOTT A. STANLEY,

    Plaintiff,

vs.                                         Case No. 4:05cv300-MP/WCS

CARL BENNETT, et al.,

    Defendants.

_____/

## ORDER TO SHOW CAUSE

Before the Court are three notices filed by Plaintiff, a *pro se* inmate. Docs. 114-116. This case has been at an impasse because it could not be determined why Plaintiff had not received mail and why Plaintiff was not providing the documents which were ordered.

In August, 2007, seven of the Defendants filed a special report, doc. 92. A notice of appearance was filed for the new eighth Defendant, doc. 93, and on October 19, 2007, that Defendant (Michelle Lane Schaub) filed her special report, doc. 103. In mid-September, 2007, I entered an order concerning Defendant Schaub's motion for an extension of time. Doc. 96. Plaintiff's copy of that order, sent to the last address Plaintiff provided (on July 31, 2007), was returned as undeliverable and marked "no longer here." Doc. 98. On the same date the mail was returned, Plaintiff filed a notice of

change of address and the mail was re-sent to Plaintiff at Florida State Prison (F.S.P.). Doc. 97.

Thereafter, more mail problems developed. Plaintiff filed a notice on October 11, 2007, stating he had not received the Defendants' special report filed on August 28, 2007. Doc. 100. Plaintiff requested that Defendants be directed to properly serve him with the report and the attached exhibits. *Id.* Defendants were then ordered to send Plaintiff another copy of the special report. Doc. 101. On October 16th, Defendants filed a notice of compliance and reported sending the document by certified mail, with return receipt requested to Plaintiff at F.S.P. Doc. 102.

On October 25, 2007, Defendant Schaub filed her special report, doc. 103, with a certificate of service showing copies were sent to Plaintiff and opposing counsel for the other seven Defendants. I entered an order on that same day construing both of the special reports (docs. 102 and 92) as motions for summary judgment. Doc. 104. On November 5th, Plaintiff filed another notice stating that he had not been served with *either* of the special reports. Doc. 105. Within that notice Plaintiff reported that because he is a prisoner, all legal mail is "received under signature" and stated that: "FDOC records confirm that the Plaintiff has not received either special report." *Id.* Plaintiff again asked that Defendants be directed to properly serve him with their special reports. *Id.*

The following day, November 6th, counsel for seven of the Defendants in this case filed a response to Plaintiff's notice and advised that the special report was first mailed to Plaintiff at F.S.P. on August 28, 2007, and never returned to counsel's office. Doc. 106. After receipt of the October 12, 2007, order, doc. 101, Plaintiff was sent a

second copy of the special report "by certified mail, return receipt requested" to Plaintiff at F.S.P.  *Id.*  Defendants provided the return receipt, showing delivery on October 19, 2007, and signed by Gary E. Granger.  *Id.*

Thus, because Defendants' special report included "21 pages plus 108 pages of attachments," Defendants requested that before they are again directed "to incur the time and expense of sending yet another copy of he Special Report with attachments to Plaintiff, he should first be required to conclusively demonstrate to the Court that the Special Reports" were not received.  *Id.*, at 2.

Considering that Defendants *demonstrated* that they complied with my order and that their mail was *received* at F.S.P., on November 8th Plaintiff was ordered to "come forward with the proof from the Department of Corrections records he mentioned to show that he did not receive these two special reports."  Doc. 107.  Plaintiff was directed "to provide affidavits, statements from DOC personnel, or other documentary evidence which will demonstrate that the mail sent from Defendants was not received by Plaintiff."  *Id.*, at 3.

Plaintiff filed a reply to that order on November 26th.  Doc. 108.  Plaintiff states that he provided the institutional mailroom with the order and requested a statement but, as of November 20th, he had not received a reply.  *Id.*  He also reported that he was not present at Florida State Prison on the date indicated on Defendant's certified mail receipt, and said he had been transferred to Wakulla County Jail and did not return to FSP until October 25, 2007.  *Id.*  Plaintiff further claimed to have advised opposing counsel, Jeannette Andrews, of his temporary location by telephone.  *Id.*, at 2.  Plaintiff then requested sanctions against Defendants and their counsel for "evasion of service."

*Id.* Plaintiff objected that Defendants actions were delaying these proceedings. *Id.* Plaintiff also stated:

> Should the Court seek verification of the Plaintiff's allegations, the Wakulla County Jail will have record of his housing at said times as will FDOC. A Court Order will be required to be served directly upon aforesaid facilities, not the Plaintiff, whereas he has no control or authority over his keepers.

Doc. 108, p. 2. Plaintiff provided a certificate of service only to opposing counsel, Barbara Fromm, who represents the group of seven Defendants. *Id.*, at 3.

Immediately afterwards, Ms. Andrews, representing Defendant Schaub, submitted a notice with a supporting affidavit testifying that proper service by mailing documents to Plaintiff was carried out. Doc. 109. She states that the documents were mailed "to Plaintiff at those addresses provided by Plaintiff to the court." Doc. 109, p. 1.

In counsel's affidavit, she further stated that she spoke on the telephone with Plaintiff on September 5, 2007, while he was at the Wakulla County Jail, "as evidence by the attached phone slip in reference to his waiving any objection to the motion to extend the time of the filing of the special report for Defendant Schaub." Doc. 109-2 (Andrews affidavit), p. 1. At no time after that telephone call did counsel have "any further communication with" Plaintiff. *Id.*, at 2. Counsel stated that Plaintiff was provided a copy of Defendant Schaub's special report at his Raiford address provided on Plaintiff's notice of change of address, doc. 97. This address, in Raiford, Florida, appears to be a satellite of the main unit of Florida State Prison, with a mailing address in Starke, Florida. Counsel had no knowledge that Plaintiff had a "temporary address changed as" Plaintiff never filed a notice with the Court. *Id.*

I issued another order on November 29, 2007, advising Plaintiff that the November 8th order, document 107, directed him to "come forward with the proof from the Department of Corrections records he mentioned to show that he did not receive" the two special reports.  Doc. 110.  Plaintiff's response, doc. 108, and the argument contained therein was not evidence and did not comply with the order.  I noted that it was not this Court's obligation "to verify Plaintiff's housing locations and locate records that will clarify when he was held at the jail as opposed to when he was in the D.O.C." *Id.*, at 3.  Plaintiff's unverified statements were insufficient to meet the requirements of the court orders and Plaintiff was specifically directed to "not attempt to require the Court locate evidence to support Plaintiff's assertions."  *Id.*  That order carefully detailed Plaintiff's locations as listed by his notices of address changes and reminded Plaintiff that it was *his* obligation to keep the Court and all parties advised of his location in timely fashion so that documents reach him and this litigation is not delayed.  *Id.*, at 3-4.

That order explained that because it has been demonstrated that the special reports were mailed to Plaintiff at his *address of record*, and there was evidence that the document was *received* and signed for by a prison official, Plaintiff must "demonstrate to the Court that he was not housed within the Florida Department of Corrections during that period of time."  *Id.*, at 4.  Plaintiff was ordered to submit a printout "from the Department of Corrections which shows his inmate history of movements and transfers for the period of time between August, 2007, and November 1, 2007."  *Id.*  Plaintiff previously had to submit such records in the past, docs. 69 and 70, and I presumed Plaintiff was aware of the procedure to once again make that request to the appropriate prison officials.  The order concluded by advising Plaintiff to timely comply with order, to

Case No. 4:05cv300-MP/WCS

prosecute his case and keep all parties advised of his address, and to provide the required evidence by December 21, 2007.  Doc. 110.

On December 10th, well before the deadline, Plaintiff filed another notice, doc. 112.  Plaintiff stated that he "forwarded this Court's Nov. 29, 2007 Order to the institutional classification office in an attempt to comply with the Court's directives."  Doc. 112, p. 1.  Plaintiff stated that he was informed by "F.S.P. staff" that the mail delivered there was forwarded to Leon County Jail, but Plaintiff failed "to come forward with the proof from the Department of Corrections records" to support that statement.  *Id.*, at 2.  Plaintiff also asserted that he was transported to the Wakulla County Jail on October 18, 2007, and suggests that he was returned on October 24, 2007.  *Id.*  Plaintiff, again, did not provide documentation to support that statement.

Finally, in responding to a complaint by Ms. Andrews on November 29, 2007, doc. 109, p. 1, that Defendant Schaub was not served with Plaintiff's prior filing, Plaintiff alleged for the first time that Ms. Andrews did not provide Plaintiff with a notice of appearance of counsel.  Doc. 112, p. 2.  The September 5, 2007, notice of appearance (filed on behalf of Defendant Nurse Michelle Lane Schaub) reveals a certificate of service on page 2 showing the document was mailed to Plaintiff at the F.S.P. address in Raiford, Florida.[1]  Doc. 93.  Plaintiff had, however, filed a notice of change of address on July 31, 2007, advising that he was being housed at Wakulla County Jail, doc. 90.  Plaintiff did not file another notice of change of address until September 27, 2007, advising he had been transferred to Florida State Prison, doc. 97.  Thus, unless Wakulla

---

[1] A notice of appearance was previously filed by attorney Barbara Fromm, representing the other seven Defendants on March 29, 2006.  Doc. 36.

County Jail was diligent in forwarding mail, Plaintiff *would not* have received the notice of appearance from counsel.

Nevertheless, this suggestion by Plaintiff for failing to provide counsel with documents is misleading.  When Ms. Fromm provided Plaintiff with a response to his notice to the Court on November 6th, doc. 106, the attached certificate of service shows it was provided to Plaintiff *and* opposing counsel, Ms. Andrews.  *Id.*, at 3.  Plaintiff was thus made aware of the participation in this case by Ms. Andrews.  Furthermore, Plaintiff received the October 25th court order, doc. 104, which advised him that Defendant Schaub, who was represented by attorney Andrews, had filed her special report.  Indeed, when Plaintiff responded to that order, doc. 104, on November 26, 2007, Plaintiff advised that he had spoken with Ms. Andrews by telephone.  Doc. 108, p. 2.  Thus, Plaintiff was well aware that this attorney was representing a Defendant in this case and he is aware that he must provide copies of all documents to all counsel of record.

At any rate, after receipt of Plaintiff's notice, doc. 112, I entered yet another Order on December 12, 2007.  Doc. 113.  Plaintiff was reminded once again that he had been ordered to provide documentary evidence to show his transfers and movement history from August, 2007, through November 1, 2007, he was reminded that he must demonstrate with evidence from prison officials why he did not receive mail which was delivered and signed for on October 19, 2007, by Gary E. Granger.  *Id.*  Plaintiff was given until **December 21, 2007**, to submit the required evidence and supporting documents.  *Id.*  The final paragraph of the Order advised the following:

> Plaintiff is further reminded that due to the extraordinary amount of time already expended in this case, and that time being spent on matters extraneous to the merits of Plaintiff's case, no further extensions of time will be provided *unless* the party can properly show a legitimate inability to comply with a court deadline.

Doc. 113, p. 3.

Since that order was entered, Plaintiff has filed three more notices. Docs. 114-116.[2] In his first notice, doc. 114, he states that he "forwarded the Order to prison officials and Classification Officer Daniel Nugent indicated, 'FSP has received no order from the courts.' " Doc. 114, p. 1, *see* attached response. Plaintiff complained that as a prisoner, he "cannot force staff to provide a statement" and asserted his inability "to comply with this Court's November 29, 2007 Order." Doc. 114.

In the second notice, doc. 115, Plaintiff suggests that "[s]hould this Court seek a printout from the Department of Corrections which shows the Plaintiff's inmate history of movements and transfers, the Court should request such documents from the Department of Corrections." Doc. 115, p. 1. Plaintiff contends he has "no authority to obtain said printout" and argues that he is "in no position to demand his keepers to provide a statement regarding his mail." *Id.* Plaintiff stated that the warden was sent, on or about December 18, 2007, a copy of the November 29, 2007, court order. *Id.* Plaintiff states that Classification Officer Nugent was "forwarded a copy of this Court's Order . . . but Nugent responded that FSP had not received any court order." *Id.*, at 2. Plaintiff, thus, contends he has attempted to comply and suggests "the 11th Circuit will

---

[2] The first notice, doc. 114, was filed on December 17th, and was in response to the November 29th Order, doc. 110. The second notice, doc. 115, was filed on December 24, 2007, and is in response to the December order, doc. 113. The third notice, doc. 116, was filed on January 14, 2008.

Case No. 4:05cv300-MP/WCS

agree that the Plaintiff was given an impossible task."  *Id.*  Further, Plaintiff points out that he "already explained why notice of change of address was not provided" to the Court.[3]

In Plaintiff's third notice, filed on January 14, 2008, Plaintiff has provided the response he received from the acting warden concerning Plaintiff's request for the printout from prison officials.  Doc. 116.  While Plaintiff's actual grievance was not filed, the response states the following:

> Your request for administrative remedy has been received, reviewed and evaluated.  Contact with the Legal Department reflects that the Department of Corrections has not received an order from the courts directing us to provide them with the documents.  Based on the foregoing information, your grievance is denied.

Doc. 116, p. 3.  The document is signed by the acting warden on January 3, 2008.

With this notice, Plaintiff has now provided the Court sufficient proof that Plaintiff has done all that he was directed to do.  Until *this* point, it could not be determined whether Plaintiff was not complying with court orders or whether prison officials were not providing the assistance required by orders of this Court.  It is now apparent the prison officials have hindered this litigation.

Plaintiff has in the past, in this very case, effectively requested that prison officials provide this Court with his "inmate movement/transfer history."  Doc. 70.  That document was filed with this Court on February 13, 2007.  Doc. 70.  Notably, Plaintiff had filed a motion requesting the court to order prison officials to provide the document.  Doc. 65.  The motion was denied on January 22, 2007, and Plaintiff was directed to not

---

[3] Plaintiff is referring to his notice, doc. 112, in which he reported being transported to the Wakulla County Jail on October 18, 2007, and returned on October 24, 2007.

just quote from an order, but to actually "provide a copy of this court order to prison officials with his inmate request."  Doc. 68, p. 2.  Just a few weeks later, the document sought was filed by prison officials on February 13, 2007.  Doc. 70.

At this point, Plaintiff has demonstrated he is unable to comply without a court order to prison officials.  Accordingly, this Order is now entered requiring compliance with this Order.  Before explaining the requirements, several comments are warranted.

An extraordinary amount of time has been expended attempting to move this case forward.  The Court has had to review a large number of documents to determine what has happened, where Plaintiff has been housed, and try to determine why Plaintiff has not received mail sent to him by attorneys and this Court.  There should be sufficient procedures in place within the Florida Department of Corrections to permit an inmate to show a court order to prison officials and receive that which has been ordered.  The fact that this has not happened, especially when the printout was previously submitted to the Court is particularly troubling.  Prisoners, for valid security reasons, must rely upon prison officials to provide certain documents to a court.  If the validity of a court order is questioned, there appears to be no reason why the order's authenticity could not be determined absent the process that is now being employed by directing an order directing to prison officials.

Also troubling is the fact that not only has this case not moved forward, other cases have been delayed while untangling an unnecessary web.  Much time has been spent in determining whether to order Defendants' counsel to again spend resources and energy in mailing documents to Plaintiff for the *third* time.  That solution is tempting, but Defendants are entitled to not be put to that expense unnecessarily.

Case No. 4:05cv300-MP/WCS

Consequently, this order will be sent to the General Counsel for the Department of Corrections. A response from an appropriate attorney within the Department shall explain what happened in reference to the problems outlined below, as well as produce the documents requested below.

First, the Department of Corrections shall provide a printout which shows Plaintiff's inmate history of movements and transfers for the period of time between August 1, 2007, and December 1, 2007. Second, the Department of Corrections shall provide an affidavit which explains what happened to the certified mail which was sent to Plaintiff at F.S.P. and delivered on October 19, 2007, signed by Gary E. Granger. Third, the Department of Corrections shall explain whether, as claimed by Plaintiff in document 112, that certified mail was forwarded to Plaintiff at the Leon County Jail, especially in light of Plaintiff's assertion that he had been transferred to Wakulla County Jail for a week during October, 2007. Fourth, the response by the Department of Corrections shall address whether there is a more appropriate method to obtain an inmate's movements and transfers, and whether a log may be produced to show the legal mail received at a prison for Plaintiff. If such a log does exist, the response shall also include information on mail sent to Plaintiff during the following time periods: August 28-31, 2007 (special report, doc. 92); September 5-8, 2007 (notice of appearance, doc. 93); October 16-24, 2007 (notice of compliance, doc. 102 and special report, doc. 103).

Accordingly, it is **ORDERED:**

Case No. 4:05cv300-MP/WCS

1. The Clerk of Court shall serve a copy of this order upon the General Counsel for the Florida Department of Corrections, along with an appropriate cover letter.

2. On or before **February 5, 2008**, an attorney from the Department of Corrections shall submit a response to this order. That response shall include:

    a. A print-out from the Department of Corrections showing Plaintiff's inmate history of movements and transfers for the period of time between August 1, 2007, and December 1, 2007.

    b. An affidavit explaining what happened to the certified mail which was sent to Plaintiff at F.S.P. and delivered on October 19, 2007, signed by Gary E. Granger.

    c. An explanation as to whether or not the certified mail received on October 19, 2007, was forwarded to Plaintiff at the Leon County Jail, especially in light of Plaintiff's assertion that he had been transferred to Wakulla County Jail for a week during October, 2007. *See* doc. 112.

    d. A response advising whether there is a more appropriate method to obtain an inmate's movements and transfers than the necessity of this court order.

    e. A response explaining whether or not a log exists which shows the legal mail received at Florida State Prison for Plaintiff. If such a log does exist, the response shall also include information on the mail sent to Plaintiff during the following time periods: (1) August 28-31, 2007; (2) September 5-8, 2007; (3) October 16-24, 2007.

3.  Counsel for the Department of Corrections responding to this order shall also provide a copy of this document to all counsel of record in this case, as well as Plaintiff, and to facilitate that process, the Clerk of Court shall provide the General Counsel for the Department of Corrections with a list of counsel in this case.

4.  The parties are advised that the deadline for submitting additional evidence in support of, or in opposition to, summary judgment is **VACATED**.  Doc. 4.

5.  The Clerk of Court is directed to return this file to the undersigned upon receipt of the Department of Corrections' compliance with this Order, or no later than **February 5, 2008**.

**DONE AND ORDERED** on January 15, 2008.

> s/   William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**