IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCOTT ALAN STANLEY,

    Plaintiff,

v.                                        CASE NO. 4:05-cv-00300-MP-WCS

MAJOR CARL BENNETT, et al.,

    Defendants.

_____/

## **O R D E R**

       This matter is before the Court on Doc. 139, Report and Recommendation of the Magistrate Judge, recommending that summary judgment be granted in favor of all defendants. The Plaintiff has filed objections, Doc. 141, which the Court has reviewed. For the reasons given below, the Report and Recommendation is adopted.

       Two motions for summary judgment were filed in this case. Docs. 92 and 103. The first summary judgment motion was filed as a special report by Defendants Walker, C. Davis, Lee, Phillips, L. Davis, Bennett, and Parramore. Doc. 92. The second special report was filed by Defendant Schaub. Doc. 103. Both reports were construed as motions for summary judgment in an order entered on October 25, 2007, and Plaintiff was advised of his obligation to file a response. Doc. 104. That order provided instructions to Plaintiff as to what he must do to come forward with evidence to support his claims and a date was set for taking the motions under advisement. Id. Specifically, the order instructed:

> Plaintiff may not rely upon the "mere allegation or denials" in the pleadings in opposing summary judgment. Anderson, 477 U.S. at 256, 105 106 S.Ct. at 2514. Rather, to withstand Defendants' summary judgment motions, and because Plaintiff bears the "ultimate burden of proof at trial," Plaintiff must "come

forward with evidence sufficient to withstand a directed verdict motion." <u>Hickson Corp.</u>, 357 F.3d at 1260. Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e).

The Defendants supported their summary judgment motions with numerous sworn affidavits, and Plaintiff was given numerous extensions of time to respond to the motions for summary judgment. Nevertheless, the Plaintiff relied upon only the allegations of the pleadings, the affidavit of a fellow prisoner and a psychological examination. Plaintiff's responses to the two motions for summary judgment, documents 138 and 122, are not under oath and do not contain Rule 56(e) evidence. Plaintiff simply presents argument. The earlier responses, documents 125 and 132, were similarly defective.

As noted above, Plaintiff has, however, attached the affidavit of inmate Tori Storms to his response. Doc. 138, p. 23. Storms avers that on May 5, 2005, he heard Plaintiff, who was in room 31, yelling "about killing himself," and this was not the first time he had done this. <u>Id.</u> Storm avers that he overheard Sergeant Parramore saying that he hoped Plaintiff did kill himself. Id. He also states he heard "Nurse Michelle Lane" (Schaub) say: "Speak up, I can hear over him dying so loudly." Id. Storms avers that Plaintiff told Parramore that he cut himself with a piece of glass. Id. He avers that Parramore said that if he had to take Plaintiff to the medical department he would shoot him with a taser. Id., at 24. Storms states that he understood that Parramore had a job to do, "but childish reactions such as this should not be tolerated in an institution such as this." Id. After Parramore left, Storms says that Plaintiff said he cut himself twice. Id. Twenty minutes later, Parramore came back and took Plaintiff out of the cell. Id.

Parramore and Plaintiff yelled at each other as they exited the area. Id., at 25.

Plaintiff has also attached a psychological evaluation used to determine Plaintiff's competency to stand trial. Doc. 138, p. 27. The evaluation is not dated, but apparently it was for an Alabama criminal prosecution. Id., at 28. The assessment is that Plaintiff suffers from Asberger's Disorder. Id., at 27. This disorder is "characterized by communication difficulties, frequent misperceptions in social situations, anger control problems, and frequent episodes of social anxiety and related misperceptions in social situations." Id.

This evidence simply does not rise to the level to survive a motion for directed verdict. His first claim is that he was placed in solitary confinement without due process.  He offered no sworn testimony regarding this claim, and defendants provided sworn testimony that his placement in solitary confinement was due to his initial classification as a management problem because of his long disciplinary history in the prison system.  Thus, no hearing or process was required.  Second, Plaintiff claims that he was denied counsel and access to witnesses, but offers no sworn testimony or other evidence regarding this claim at all.  Third, he claims four instances of punishment in violation of the Eighth Amendment: (1) failure to place in a psychiatric dorm, (2) placing him in a dirty, insect-infested cell, (3) use of excessive force, and (4) failure to treat his medical condition properly.  Plaintiff failed to provide any sworn testimony or evidence to support any of these claims.  Finally, the Court agrees that Plaintiff's claim that the jail violated the Florida Model Jail Standards is a state-law claim not triggering constitutional review.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2.     The motions for summary judgment, Docs. 92 and 103, are granted, and the Clerk is directed to enter summary judgment for all defendants and to close this case.

**DONE AND ORDERED** this  *17th*   day of December, 2008

                *s/Maurice M. Paul*
           Maurice M. Paul, Senior District Judge